UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIMOTHY GOODRICH,

          Petitioner,

   v.

DEPARTMENT OF THE ARMY,

          Respondent.

CASE NO. C23-5540 BHS

ORDER

     THIS MATTER is before the Court on Defendant Christine Wormuth (the Secretary of the United States Army)'s motion to dismiss, Dkt. 12, pro se petitioner[1] Timothy Goodrich's complaint, Dkt. 10. The motion was filed September 22, 2023, and properly noted for hearing under the Local Rules for October 20, 2023. LCR 7(d)(3) (motions to dismiss shall be treated as fourth Friday motions).

     Goodrich's complaint is difficult to follow. He alleges that his supervisors in the Army treated him poorly after he was injured at work, and retaliated against him for reporting the misconduct of others. Dkt. 10 at 1–2. He apparently left the Army in 2020.

---

[1] Goodrich calls himself "petitioner" but he is in effect a plaintiff in a civil action.

ORDER - 1

The Secretary interprets Goodrich's complaint as asserting a claim for disability discrimination and/or retaliation, Dkt. 12 at 1, and contends that the Court lacks subject matter jurisdiction because Goodrich failed to exhaust his administrative remedies. *Id*. (citing Hoar Decl., Dkt. 13). She also argues Goodrich has failed to state a plausible claim. She seeks dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. 10 at 2.

Goodrich has not responded to the motion, and the time for doing so expired October 16, 2023. Under Local Rule 7(b)(2), a party's failure to respond to a motion to dismiss can be deemed by the Court an admission that the motion has merit:

> (2) *Obligation of Opponent*. Each party opposing the motion shall, within the time prescribed in LCR 7(d), file with the clerk, and serve on each party that has appeared in the action, a brief in opposition to the motion, together with any supporting material of the type described in subsection (1). Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit.

LCR 7(b)(2).

The Secretary's motion does have merit; it demonstrates that Goodrich failed to exhaust his administrative remedies and that this Court does not have subject matter jurisdiction over his claims. Goodrich's failure to respond in any fashion to the motion is an admission of the same. For that reason, and for the reasons outlined in the motion itself, the Secretary's motion is GRANTED and Goodrich's claims are DISMISSED without prejudice and without leave to amend.

The Clerk shall enter a JUDGMENT and close the case.

//

ORDER - 2

IT IS SO ORDERED.

Dated this 21st day of November, 2023.

BENJAMIN H. SETTLE
United States District Judge